UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 17-19196 (ABA) |
| David Ristick, | : Chapter 11 |
| Debtor. | : The Honorable Andrew B. Altenburg Jr. |
| | : Hearing Date: June 27, 2019 @ 10:00 am |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO
<u>PLAN OF LIQUIDATION</u>**

Andrew R. Vara, the Acting United States Trustee for Region 3 ("United States Trustee"), by and through his undersigned attorney, hereby files this objection ("Objection") to the Debtor's Plan of Liquidation (the "Plan") (ECF No. 160).[1] In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Plan, and the issues raised in this Objection.

## Background

### A. The Bankruptcy Case.

4. On May 3, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). *See* ECF No. 1.

5. The U.S. Trustee has not appointed an unsecured creditors' committee.

6. Since the Petition Date, the Debtor has remained in possession of his property and management of his affairs.

### B. The Disclosure Statements and Plans.

7. On February 7, 2018, the Debtor filed an Individual Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement. *See* ECF No. 92.

8. On February 9, 2018, the Court entered an Order and Notice on Disclosure Statement, and scheduled an adequacy hearing for March 8, 2018, which was adjourned from time to time. *See* ECF No. 95.

9. On March 15, 2019, the Debtor filed an Individual Debtor's First Amended Chapter 11 Combined Plan of Liquidation and Disclosure Statement. *See* ECF No. 153.

10. On April 18, 2019, the Debtor filed a Plan of Liquidation (the "Plan") and a Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing Chapter 11

Plan of Liquidation Proposed by David Ristick (the "Disclosure Statement"). *See* ECF Nos. 160 and 161.

11. On April 22, 2019, the Court entered an Order and Notice on Disclosure Statement, and scheduled an adequacy hearing for May 23, 2019. *See* ECF No. 162.

12. On May 23, 2019, the Court entered an Order Approving Disclosure Statement, and scheduled a confirmation hearing for June 27, 2019. *See* ECF No. 169.

## Objections

A. **Feasibility – 11 U.S.C. § 1129(a)(11).**

13. Pursuant to Section 1129(a)(11), every chapter 11 plan must be feasible in order to be confirmed:

> (a) the Court shall confirm a plan only if all of the following requirements are met:
>
> * * *
>
> (11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

*See* 11 U.S.C. § 1129(a)(11).

14. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor could possible attain after confirmation.'" *See In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989), *aff'd* without opinion,. 908 F.2d 964 (3d Cir. 1990 (citation omitted).

15. The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Trans Max Technologies,* Inc., 349 B.R. 80, 92 (Bankr. D.Nev. 2006). *See also In re Deep River Warehouse, Inc.*, 2005 WL 2319201 *2

(Bankr. M.D.N.C. Sept. 22, 2005). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).

16. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Sovereign Oil Co.*, 128 B.R. 585, 586 (Bankr. M.D.Fla. 1991).

17. In determining whether a chapter 11 plan is feasible, only a reasonable assurance of commercial viability is required. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Prudential Electric Co.*, 58 B.R. 857, 863 (Bankr. S.D.N.Y. 1986).

18. Section 1129(a)(11) requires the Debtor to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *See Trans Max Technologies, Inc.*, 349 B.R. at 92. *See also In re Travelstead,* 227 B.R. 638, 651 (D.Md. 1998); *S & P, Inc. v. Pfeifer*, 189 B.R.173, 187 (N.D.Ind. 1995), *quoting In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D.Fla. 1993), *aff'd*, 78 F.3d 587 (7th Cir. 1996).

19. In considering whether a particular plan is feasible, courts have considered the following factors: (i) the adequacy of the debtor's capital structure; (ii) the earning power of its business; (iii) economic conditions; (iv) the ability of the debtor's management; (v) the probability of the continuation of the same management; and (vi) any related matters which determine the prospects of a sufficiently successful operation to enable performance of the provision of the plan. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226-227 (*citing In re Temple Zion*, 125 B.R. 910, 915 (Bankr. E.D.Pa. 1991); *In re Landmark at Plaza Park, Ltd.*, 7 B.R. 653, 659 (Bankr. D.N.J. 1980).

20. The facts and circumstances of this case demonstrate that the Plan may not be feasible and, as a result, may fail to qualify for confirmation pursuant to 11 U.S.C. § 1129(a)(11).

21. Pursuant to the Plan, the Debtor proposes to grant a partial secured claim in the amount of $30,000 to TCA Global Credit Master Fund, L.P. ("TCA") in accordance with the Settlement Agreement. *See* ECF 160 at page 15 of 23. Pursuant to the Settlement Agreement, the Debtor agreed to pay TCA $100 a month for 36 months commencing February 1, 2019, with a balloon payment of $26,400 due on or before February 1, 2022. *See* ECF No. 140-1.

22. The Debtor has not established that TCA holds a secured claim in the amount of $30,000 against the Debtor.

23. In addition, the Debtor has not provided any evidence to support his ability to fund the payments under the Settlement Agreement including the balloon payment due and owing on or before February 1, 2022.

24. Pursuant to the March 2019 monthly operating report, the Debtor has cash on hand of $1,379.12. During the 22 months of this bankruptcy, the Debtor has averaged net income of $62.69 a month. As a result, questions exist as to whether the Debtor will be able to fund the payments under the Settlement Agreement.

**B. Failure to File Monthly Operating Reports.**

25. Pursuant to 11 U.S.C. § 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case.

26. As of the date of this Objection, the Debtor has failed to file his monthly operating reports for the months of April 2019 and May 2019.

27. Without the filed reports, the Court, the U.S. Trustee and all parties-in-interest are unable to assess the feasibility of the Plan.

## Conclusion

28. The United States Trustee leaves the Debtor to its burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee requests that this Court issue an order denying confirmation of the Plan, and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

By:   */s/* Jeffrey M. Sponder
      Jeffrey M. Sponder
      Trial Attorney

Dated: June 20, 2019